## A. G. Becker, Appellee, v. Cornelius K. G. Billings et al., Appellants.

### Gen. No. 17,276.

This case is controlled by the decision in Wallach v. Billings et al., *ante*, p. 317.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 18, 1911.

CALHOUN, LYFORD & SHEEAN and MONTGOMERY, HART & SMITH, for appellants.

NEWMAN, NORTHROP, LEVINSON & BECKER, for appellees; JACOB NEWMAN, ARTHUR B. SCHAFFNER, MILTON J. FOREMAN and CHESTER E. CLEVELAND, of counsel.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The record in this case is brought before us on an appeal from an order entered by the Circuit Court of Cook county on the 20th day of December, 1910, which was, in effect, as follows:

(1) Overruling a motion of defendants to dissolve an injunction theretofore issued against the defendants, on the 21st of November, 1910;

(2) Denying the motion of defendants for an increase of the injunction bond from $1,000 to $12,000;

(3) Appointing William C. Niblack receiver upon a bond of $1,000 of the alleged claim of the Bank against Billings, and authorizing the receiver to proceed to collect, by attachment or otherwise, as he may be advised,—and providing that such action or actions shall be conducted without imposing liability for costs, expenses or charges upon the other property or assets of the Bank;

(4) Directing all parties to the suit to turn over to the receiver such books, papers, documents, etc., as they may have relating to said cause of action against Billings.

(5) On motion by a stockholder, not a party to the cause, ordering that nothing in this order, nor in that of November 21, 1910, shall prevent any stockholder from making any individual compromise or settlement with Billings, or assigning his claim or demand against him, or his distributive share of any amount to be recovered from him; provided that no such settlement or assignment shall in any wise affect the right, claim or cause of action of the complainant or the receiver, or of any other stockholder.

Appellants prosecuted an appeal from "the said order of December 20, 1910."

Except that the principal defendant here is a State Savings Bank instead of a National Bank, the questions presented are practically the same as those presented in the case of Wallach et al. v. Cornelius K. G. Billings, the Chicago National Bank et al., pending in this court as General No. 17,275, which was argued orally and on the same briefs with this case, and in which opinion filed herein sets out with much detail the pleadings and evidence before the court below, to which opinion reference is hereby made. *Ante,* p. 317.

In this case, the questions may be briefly summarized: A state banking corporation had, for about five years, been doing no banking business, but had been engaged solely in collecting in its assets and paying off its debts. All its debts had been finally paid, and among its assets is an alleged claim for from $250,000 to $350,000 against Billings, a former director of the Bank, who is charged with negligence in wrongfully allowing the Bank's funds to be improperly and unlawfully used by John R. Walsh, which practically resulted in the suspension of the Bank, and caused large losses to the stockholders. Billings has offered $6,000 in full settlement of all liability to the Bank, he strongly insisting that he is not liable at all, but is making the offer largely or entirely because he desires to voluntarily share the financial losses, to which the other directors have contributed in time, effort and money.

A very large part of the stock (practically 75%) is owned by persons, or the estates of persons, other than the complainant, who were co-directors with Billings during the time of his alleged negligence, and (if he is liable) who might themselves be liable to the Bank, to some extent, for negligence similar to that charged against Billings. The directors think the offer of Billings should be accepted, and, after so voting, have called a stockholders' meeting in order

that the action of the directors in accepting the offer may be ratified, or that the stockholders may, themselves, directly accept the offer.

Complainant is the owner of practically one-tenth of the capital stock of the Bank, and he has suffered a heavy loss by reason of the alleged neglect of the Bank's affairs by Billings and its other directors, and he believes and charges that, by reason of their friendship for Billings, and their fear that liability against them may be asserted, if the suit against Billings is pressed, the directors and stockholders will unjustly, unlawfully and in legal fraud of his rights, accept the Billings' offer, which is, as he asserts, for only a very small fraction of his liability.

Complainant specifically charges that the purpose and intention of Billings, and of the other parties defendant, is to enable Billings to escape from and to discharge his liability upon the payment of the small amount of $6,000 and in that manner defeat, if possible, the proceedings theretofore instituted by complainant on behalf of himself and other stockholders to hold Billings liable; that the directors, in their negotiations with Billings, and in causing the stockholders' meeting to be called, are not acting in good faith and in the interests of the Bank and all its stockholders; that the Bank and its directors are represented by a firm of attorneys, who were also the personal attorneys and counsel of John R. Walsh, and that the Board of Directors relied, to a large extent, upon the legal advice of said attorneys, and that one of them had advised them that the proposition of settlement of Billings should be accepted; that the directors of the Bank were contemplating the misapplication of its funds, having agreed with The Chicago National Bank to pay one-third of the amount of the bill for $40,000, theretofore rendered by said attorneys for services, which complainant alleges were, in reality, rendered to Walsh.

The defendants deny *in toto* all charges of fraud

or bad faith made against them, and, while admitting that, if a majority of the stockholders of the Bank should, by resolution, adopted at a stockholders' meeting, authorize or ratify the proposed settlement with Billings, it would release and discharge his liability to the Bank, yet, they say, the amount of Billings' liability cannot exceed $40,000, and in their judgment as business men the offer is an advantageous one for the Bank and all its stockholders, and should be accepted.

Defendants deny any improper action on their part, or any intention or purpose to hinder or embarrass the complainant in his action, or any intention of acting in any manner other than in absolute good faith toward the Bank, and all its stockholders.

From the evidence heard in the court below, it may be fairly concluded that the defendants exonerated themselves from charges of any imputation of conscious bad faith in their attitude toward the question, and insisted that the claim against Billings was a doubtful one, and that the amount offered under all the circumstances, and in view of the uncertainty and expense of litigation, was one which they believed should be accepted in the interest of the Bank and all its stockholders.

Under these conditions, the question is whether this court will sustain the injunction, and the appointment of a receiver for this asset of the Bank,—the alleged claim against Billings. For reasons more fully stated in the opinion in case No. 17,275, we reach the conclusion that, as the defendant in this case is a State Bank instead of a National Bank, and the injunction, therefore, not expressly prohibited by the Federal Statutes, the court below was justified in its action, and the order appealed from should, therefore, be affirmed.

*Order affirmed,*